**IMMIGRANT RIGHTS CLINIC**
**WASHINGTON SQUARE LEGAL SERVICES**
**NEW YORK UNIVERSITY SCHOOL OF LAW**
**245 SULLIVAN STREET, 5TH FLOOR**
**NEW YORK, NEW YORK 10012**
**TEL: 212-998-6430**

March 19, 2021

Honorable Magistrate Judge Stewart D. Aaron
United States District Court
Southern District of New York
500 Pearl Street, Room 1970
New York, NY 10007

      Re:    ***Immigrant Defense Project et al. v. U.S. Immigration and Customs Enforcement***, No. 20-cv-10660 (SDA), Response Letter to Defendant's Status Update, ECF 26

Dear Judge Aaron:

      Plaintiffs in the above-referenced matter submit this letter response to Defendant's Status Update, dated March 17, 2021, ECF 26. Plaintiffs respectfully request a conference before the Court the week of March 22, 2021 to set a deadline for the completion of the agency's search for responsive documents and to determine a document production schedule.

    **I.**    **Status of Negotiations**

      Since the filing of this FOIA action, the Parties have had four phone calls and numerous email exchanges regarding Plaintiffs' requests. On January 14, 2021, Defendant's counsel estimated the agency's search would be completed within two weeks. On February 12, 2021 Defendant's counsel stated that the agency required narrowing. Since February 19, 2021 Plaintiffs have narrowed their requests three times (e.g., by narrowing the majority of their requests from nationwide documents to those exclusive to the New York and Newark Field Offices and ICE Headquarters), and have offered to provide search terms or review a list of custodians. Nevertheless, the agency has continued to raise new concerns about the requests without offering a counterproposal.

      Following the initial conference on March 16, 2021, Defendant's counsel emailed Plaintiffs and enumerated nine outstanding objections to and queries regarding Plaintiffs' FOIA requests. Five objections indicated for the first time that the agency would be unable to comply with portions of Plaintiffs' requests that the agency saw as overbroad or unduly burdensome, without further justification.[1] The agency's opposition to electronic searches for emails

---

[1] *See Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 892 (D.C. Cir. 1995) (holding that when an agency claims that performing a search would impose an undue burden, it must "provide [a] sufficient explanation as to why such a search would be unreasonably burdensome"; Nat'l Day Laborer Org. Network v. ICE, No. 16-cv-387 (KBF), 2017 WL 1494513 at *14 (S.D.N.Y. Apr. 19, 2017) (requiring the agency to describe the basis for that assertion "with reasonably specific detail."). *See also Pub. Citizen, Inc. v. Dep't of Educ.*, 292 F. Supp. 2d 1, 6 (D.D.C. 2003) (rejecting as insufficiently specific agency's argument that search would be unreasonably costly and time consuming because it would require searching 25,000 paper files and shipping them from Texas to California). The FOIA

responsive to several of Plaintiffs' requests is of particular concern, as the agency regularly provides guidance to its staff and contractors via email.[2]

On March 17, 2021, Plaintiffs agreed to additional geographic narrowing in response to one query, provided clarification regarding the existence or location of certain records in response to two queries, and, with respect to the other six queries and objections, sought clarity from the agency. Plaintiffs are awaiting a counterproposal from the agency, but agree with Defendant's counsel that negotiations should conclude by the week of March 22, 2021. The agency has not responded to Plaintiffs' offer to provide search terms; nor has the agency responded to Plaintiffs' requests for a list of custodians with which Plaintiffs may conduct further narrowing.

**II.     Search Timeline**

The agency has not provided Plaintiffs with an estimate of how long it will take to complete the remainder of its search. Prior to Plaintiffs' filing of their complaint, the ICE FOIA online tracker showed that processing of both FOIA requests would be completed by August 2020, over seven months ago.[3] Although the agency has not provided a date on which the search began, Defendant's counsel stated that the search had commenced prior to Plaintiffs' December 2020 filing. *See* ECF 18 at 3. Defendant ICE had 12 months between the submission of Plaintiffs' FOIA requests and the filing of the complaint to discuss potential narrowing with Plaintiffs. Instead, the agency did not raise concerns until February 12, 2021, nearly two months after Plaintiffs' filed the instant lawsuit. The agency has maintained that the search has continued while negotiations are ongoing and Plaintiffs understand that there are only nine outstanding items to be searched. Thus, Plaintiffs request the agency complete its search no later than April 2, 2021. Plaintiffs note that ICE and other agencies routinely complete searches for the entirety of broad and complex FOIA requests within one to two months.[4]

---

statute "puts no restrictions on the quantity of records that may be sought" and expressly "anticipates that requests for records may be so voluminous as to require an agency to carry an unusual workload." *Tereshchuk v. Bureau of Prisons*, 67 F. Supp. 3d 441, 455 (D.D.C. 2014), *aff'd sub nom. Tereshchuk v. Bureau of Prisons, Dir.,* No. 14-5278, 2015 WL 4072055 (D.C. Cir. June 29, 2015*)*.

[2] *See e.g., Briefing Guide: FOIA Documents Reveal ICE's Use of Civil Fines to Target Immigrant Leasers in Sanctuary* (Oct. 22, 2020), available at:
https://ccrjustice.org/sites/default/files/attach/2020/10/Briefing%20Guide_%20ICE%20Sanctuary%20Fines%20FOIA_October%2022%202020_0.pdf

[3] The ICE FOIA tracker is available at https://www.dhs.gov/foia-status. The system continues to show an estimated "delivery" date of August 6, 2020, and states that the average processing time for a complex FOIA is 111.59 days. Plaintiffs' requests are numbered 2020-ICFO-16964 and 2020-ICFO-16973.

[4] "[C]ourts often find that one to two months is sufficient time for an agency to process broad FOIA requests that may involve classified or exempt materials." *See Brennan Center for Justice at New York University School of Law v. United State Dep't of State,* 300 F. Supp. 3d 540, 550–51(S.D.N.Y. 2018)(expressing concern that the agency had not begun production in the six months since the FOIA request was filed and ordering production be completed within one month). Even with ICE's first-in first-out system, Plaintiffs' requests are now far outside ICE's normal processing times for complex requests. ICE's median processing time for complex FOIA requests in FY2019 was 139 days, with an average of 174 days. *See 2019 Freedom of Information Act Report to the Attorney General of the United States and Director of the Office of Governmental Information Services,* Department of Homeland Security at 21 (Feb. 2020), available at: https://www.dhs.gov/sites/default/files/publications/dhs_fy2019_foia_report_final_1.pdf.  It was more common for complex requests to be processed in full within 40 days. *Id*. at 22. Plaintiffs' FOIA requests have been pending since December 19, 2019 and have therefore been pending for 456 days.

### III.     Production and Processing Rates

Plaintiffs are appreciative of the initial production from ICE. While the CD containing the first tranche of documents was unfortunately not functional, Plaintiffs anticipate receiving a new disk in the coming days. Moving forward, given the over 14 months the agency has had to process these requests, Plaintiffs request that the agency complete its search no later than April 2, 2021, make its second production 2 weeks after its searches are complete, and proceed with monthly productions thereafter. Defendant ICE's request to begin production 45 days after completion of its search will compound the already unreasonable delay, made all the more untenable by relevant impending policy changes. *See* ECF 18 at 2.

Alternatively, Plaintiffs request that this Court order rolling production of already-located documents while the search is ongoing. Rolling production during the pendency of a search is explicitly recommended by the Office of Information Policy's guidance to federal agencies in order to ensure compliance with the FOIA statute.[6] Finally, once the agency has provided Plaintiffs with the number of pages responsive to their FOIA requests, Plaintiffs anticipate requesting a processing and production rate that will enable completion of production by September 2021 in anticipation of Congress' FY 2022 DHS appropriations process. Courts, including this one, have ordered ICE and other agencies to process and produce at much higher rates than 500 pages per month, even during the COVID-19 pandemic.[7] Ex. A, Model Production Orders.

### IV.     Request for Judicial Conference

In light of the existing disagreements between Plaintiffs and Defendants regarding the scope of the search, search timeline, and production schedule, Plaintiffs request a conference on or before March 26, 2021 in lieu of Defendant's status letter to set a schedule for completion of the agency's search and production.

---

[6] *Guidance for Agency FOIA Administration in Light of COVID-19 Impacts*, Dep't of Justice Office of Information Policy (May 28, 2020), https://www.justice.gov/oip/guidance-agency-foia-administration-light-covid-19-impacts.
[7] *See, e.g.*, *Austin Sanctuary Network, et al. v. U.S. Immigration and Customs Enforcement*, No. 20-cv-1686 (LJL) (S.D.NY. Feb. 1, 2021) (ordering processing of 1,200 pages per month); *Nat'l Immigration Project v. U.S. Dep't of Homeland Sec.,* No. 18 Civ. 659 (RA) (S.D.N.Y. Apr. 6, 2018), ECF 55 (ordering processing of 1,500 pages per month); *Color of Change v. U.S. Dep't of Homeland Sec*., No. 1:16-cv-08215 (WHP) (S.D.N.Y. Apr. 21, 2017), ECF 26 (ordering production of 1,250 pages per per month); *Immigrant Defense Project v. U.S. Immigration and Customs Enforcement*, No. 1:14-cv-06117 (JPO) (S.D.N.Y. Nov. 19, 2014), ECF 15 (ordering ICE to produce 2,000 pages); *Detention Watch Network v. U.S. Immigration and Customs Enforcement*, No. 14 Civ. 00583 (LGS) (S.D.N.Y. Jul. 3, 2014), ECF 48 (ordering DHS and ICE to produce 1,500 and 1,200 pages per month respectively); *Nat'l Day Laborer Organizing Network v. U.S. Immigration and Customs Enforcement*, No. 10-cv-348(SAS) (KNF) (S.D.N.Y. Jul. 29, 2011), ECF 13-1 (ordering ICE to produce bi-monthly at a rate of 1,500).

*/s/ Jessica L. Rofé*
Jessica Rofé, Esq.
Olivia Abrecht, *Legal Intern*
Muriel Carpenter, *Legal Intern*
Washington Square Legal Services
NYU Immigrant Rights Clinic
245 Sullivan Street, 5th Floor
New York, NY 10012
Tel: (714) 458-2127
jessica.rofe@nyu.edu

*Counsel for Plaintiffs*